CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 18 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM J. MATHIAS, JR., | ) | |
|    Plaintiff, | ) | Civil Action No. 7:08-cv-00006 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WILLIAM BILL MATHIAS, | ) | |
| SR., et al., | ) | By: Hon. Jackson L. Kiser |
|    Defendants. | ) | Senior United States District Judge |

Plaintiff William J. Mathias, Jr., a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] Upon consideration of the complaint, I find that his claims must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[2]

---

[1] Plaintiff's complaint consists of 27 pages of handwritten documents, which are cryptic, disjointed, and often illegible. Plaintiff is advised that the court is not obliged to ferret through his complaint, searching for a viable claim. See Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (although pro se complaint contained potentially viable claims, court properly dismissed without prejudice under Fed. R. Civ. P. 8 since voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); see also Spencer v. Hedges, 838 F.2d 1210 (Table) (4th Cir. 1988). Plaintiffs must provide enough detail to illuminate the nature of the claim and allow defendants to respond. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197 (2007); Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007).

[2] To the extent Mathias has raised claims regarding the validity of his confinement that could be construed as petitioning for a writ of habeas corpus, those claims must be summarily dismissed pursuant to Rule 4 of the Rules Governing §2254 Cases. Under 28 U.S.C. § 2254(b), a federal court cannot grant habeas relief unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse

(continued...)

### 1. Sgt. John Claypool and Commonwealth Attorney Deondra Kay Combs

Plaintiff states that he was charged with "trespass[,] breaking [and] entering[,] malicious wounding[, and] 2 counts of vandalism" after an incident that occurred when he, his girlfriend, and his girlfriend's daughter visited the home of plaintiff's father, a minister, on August 23, 2006.[3] Plaintiff contends that Sgt. John Claypool "lacked probable cause for an arrest" and violated his rights to due process when he filed charges against plaintiff with the magistrate, Christina Kendrick. He further states that "Commonwealth Attorney Prosecutor Deondra Kay Combs" committed "prosecutorial misconduct" in "pursuing and proceeding [with] this case . . . on erroneous frivolous information. . . ."

There is a clearly established Fourth Amendment right to be free from arrest or prosecution without probable cause. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000) (interpreting

---

[2](...continued)
decision to the Supreme Court of Virginia. Va. Code §8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

Mathias indicates that he has not yet had a trial and, regarding other actions in state or federal court concerning the same facts involved in this action or otherwise related to his imprisonment, he states that he has filed an action against the "same people" named in the instant case, that the case is "on appeal," and that he has had "no response as of yet." Accordingly, as it is clear that Mathias has failed to exhaust his state remedies, any petition for relief pursuant to 28 U.S.C. § 2254 must be summarily dismissed. Mathias may file a federal habeas petition if he is unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described.

I add that Mathias has previously been informed of the exhaustion requirement. See Mathias v. Chitwood, Civil Action No. 7:07-cv-00287 (W.D. Va. June 13, 2007) (Turk, S.J.); Mathias v. Pool, et al., Civil Action No. 7:07-cv-00380 (August 28, 2007).

[3] Plaintiff states that he and his companions "went to Plaintiff [sic] parents [sic] residence seeking spiritual counsel and advice for their economic dilemma because Plaintiff [sic] girlfriend lost her job and her [sic] and her 10 yr [sic] old daughter were being evicted from their home. . . ." In plaintiff's version of events, his father initiated the altercation, and his father, not plaintiff, should have been arrested. Plaintiff contends that he lacked the requisite intent and that he "acted reasonably under the circumstances to assert self defense principles to protect self and others. . . ."

2

Albright v. Oliver, 510 U.S. 266 (1994)); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir. 1996). A Fourth Amendment claim that an investigative officer arrested the plaintiff without probable cause or that any government official took actions that encouraged the decision to prosecute the plaintiff without probable cause is actionable under § 1983.[4] Lambert, 223 F.3d at 262. Such a Fourth Amendment claim of malicious prosecution incorporates the elements of the common law tort of malicious prosecution: (1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice. Id.

Plaintiff's allegations fail because his own complaint indicates that he is still being held pursuant to those charges; thus, those proceedings have not ended favorably to plaintiff. Furthermore, plaintiff alleges no facts suggesting that Claypool or Combs maliciously pursued his prosecution,[5] and plaintiff fails to demonstrate that he has been improperly detained based on those charges.[6]

---

[4] To the extent plaintiff attempts to bring a claim of malicious prosecution or false imprisonment under Virginia common law, such state law claims are not actionable under § 1983. Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). The court declines to exercise supplemental jurisdiction over any such state law claim, pursuant to 28 U.S.C. § 1367( c).

[5] Plaintiff alleges generally that the defendants were predisposed toward his father because his father is a minister.

[6] Plaintiff does not specify any damages or remedies. To the extent plaintiff seeks damages for his allegedly unlawful confinement, plaintiff is advised that although he may seek damages under 42 U.S.C. § 1983, such an award can only be made after a only after a showing that his confinement was in fact unlawful. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). To succeed on such a claim, Mathias must prove that his current confinement was either declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a § 2254 writ. Id. As Mathias has not established that his confinement has been declared invalid by a state tribunal and as this court has declined to issue a § 2254 writ, I find that any claim seeking damages must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

3

## 2. Non-State Actors

Plaintiff names as defendants his father, William Bill Mathias, Sr.,[7] and two Social Security Administration employees, Dendra Whitt and Brad Johnson. As private citizens, these parties are not subject to liability under § 1983 unless they engage in conduct that qualifies as state action. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[l]ike the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'") (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). Plaintiff's conclusory allegations that these defendants acted under color of state law are legally insufficient. See Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983) ("[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action").[8, 9]

---

[7] William Bill Mathias, Sr. is the name as plaintiff states it in his complaint.

[8] To the extent plaintiff's claim against his father could be construed as claiming that his father made false statements to the police, the claim must fail. As a private citizen, the senior Mr. Mathias is not subject to liability under § 1983 unless he engages in conduct that qualifies as state action. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'") (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). Because a private citizen does not become a state actor by merely "[p]roviding information to the state and pressing for state action against an individual," Manax v. McNamara, 842 F.2d 808, 813 (5th Cir. 1988), plaintiff's claim against his father must be dismissed. See also Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir. 1985) ("[P]roviding false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983.").

[9] In a previous complaint filed with this court, Mathias v. Pool, et al., Civil Action No. 7:07-cv-00380 (August 28, 2007), plaintiff was informed that his request that his Supplemental Security Income ("SSI") payments be reinstated was not appropriate. Section 1611(e)(1)(A) of the Social Security Act restricts the
(continued...)

Case 7:08-cv-00006-JLK-mfu   Document 5   Filed 01/18/08   Page 4 of 11   Pageid#: 36

### 3. Magistrate Christina Kendrick

Magistrate Kendrick is a judicial officer. According to plaintiff, she has presided over some criminal proceedings in his case. Plaintiff has not alleged any extra-judicial actions by the magistrate. Accordingly, I find that Magistrate Kendrick's actions are within her judicial capacity, and as such, she is immune from liability.

It is well-established that judges are absolutely immune from liability for damages arising out of their judicial actions. Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.1985) (citing Bradley v. Fisher, 80 U.S. 335 (1872); Stump v. Sparkman, 435 U.S. 349 (1978)). The doctrine of judicial immunity is expansive. Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley, 80 U.S. at 347).

---

[9](...continued)
payment of SSI payments for any month throughout which a recipient resides in a public institution. See also Schweiker v. Wilson, 450 U.S. 221, 224 (1981); 20 C.F.R. § 416.211 (otherwise eligible recipients "are not eligible for SSI benefits for any month throughout which [recipient is] a resident of a public institution as defined in § 416.201. . . ."); 20 C.F.R. § 416.201 ("Public institution means an institution that is operated by or controlled by the Federal government, a State, or a political subdivision of a State such as a city or county."). When incarceration is for less than 12 consecutive months, the federal Social Security Administration ("SSA") considers this a "suspension" and payments should resume soon after the person leaves jail-as long as SSA is informed of the release and the person submits a simple form with evidence showing that he or she again meets the financial requirements. See 20 C.F.R. § 416.1321(b).

The court observed that Mathias had submitted a letter, dated July 26, 2007, from the Bristol, Virginia office of the Social Security Administration that stated, in pertinent part:

> As we have informed you in several previous letters, your SSI benefits must remain suspended until all the warrants against you are satisfied AND you are released from jail. SSI benefits may be reinstated after you are released, as long as you still meet all eligibility requirements and provided you are released within **one year** from the date of your last SSI eligibility. . . .
>
> * * *
>
> When you are released, please come to the Bristol, Virginia office . . . and we will take the appropriate action to help you with your SSI benefits. When you come, YOU MUST BRING YOUR OFFICIAL RELEASE PAPERS FROM JAIL.

To the extent plaintiff believes he can raise a state law claim concerning his SSI benefits, the court declines to exercise supplemental jurisdiction over any such state law claim, pursuant to 28 U.S.C. § 1367(c).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump, 435 U.S. at 356-357. Rather, the doctrine of judicial immunity is only overcome when a judge's actions are not undertaken in his judicial capacity or when they are taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). With respect to the first inquiry, courts must "draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges." Forrester v. White, 484 U.S. 219, 227 (1988). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. With respect to the second inquiry, courts must distinguish between actions that are taken in the "clear absence of all jurisdiction" over the subject matter, which are not afforded the protection of judicial immunity, and actions that are merely in "excess of jurisdiction," which are afforded such protection. Id. at 356. The Supreme Court has emphasized that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Id. at 356.

Applying these principles, I conclude that Magistrate Kendrick is entitled to judicial immunity. The acts complained of by plaintiff were clearly judicial in nature, and plaintiff does not contend otherwise. Plaintiff complains of acts that the judge undertook while adjudicating the criminal charges against him. There is no doubt that this is an act that is normally performed by a judge. Such acts do not become non-judicial merely because they were allegedly taken in error. Mireles, 502 U.S. at 13. Additionally, plaintiff's allegations do not indicate that the magistrate acted in the clear absence of all jurisdiction. A judge acts in the complete absence of all jurisdiction only

"if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which he presides." King v. Love, 766 F.2d 962, 965 (6th Cir.1985); see also Green v. Maraio, 722 F.2d 1013, 1017 (2d Cir.1983). It is clear that the magistrate's acts at issue here were committed during the course of filing criminal charges against plaintiff. Because it is apparent from plaintiff's allegations that plaintiff's claim against the magistrate arise from actions that were taken during the course of proceedings over which she had subject matter jurisdiction, the magistrate is absolutely immune from liability for damages arising out of her judicial actions.

### 4. Gerald McPeak

Plaintiff is a pre-trial detainee at the New River Valley Regional Jail ("NRVRJ"). Plaintiff alleges that the Superintendent of the NRVRJ, Gerald McPeak, who "is responsible for the welfare of the inmates and oversee's [sic] all the dept and operations of the correctional facility," has subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment. Essentially, plaintiff alleges that the conditions at the NRVRJ are unsanitary.[10]

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 49-50 (1988). Because Mathias is a pretrial detainee and not a convicted

---

[10] Plaintiff previously rehearsed these claims in Mathias v. Simpkins, et al., Civil Action No. 7:07-cv-00031 (W.D. Va. May 31, 2007) (dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A). Plaintiff's claims were thoroughly addressed in that opinion. In the instant complaint, plaintiff recites a litany of his indignation regarding overcrowding at NRVRJ and the effect of that overcrowding on the quality of the food, the cleanliness of the facility, and the mental condition of the inmates, but he does not state that he has been harmed in any way.

7

prisoner,[11] his claim is governed by the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition against cruel and unusual punishment, which operates only after the state has secured a conviction. See Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001). Therefore, the constitutional protection at issue in this case is the right, guaranteed by the Fourteenth Amendment, not to be punished before an adjudication of guilt in accordance with due process of law. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979)[12]; Gray v. Farley, 13 F.3d 142, 146 (4th Cir. 1993); Nelson v. Collins, 659 F.2d 420, 425 (4th Cir. 1981) (en banc). Thus, it must be determined whether the conditions and treatment received by Mathias amounted to punishment. Absent a showing of expressed intent on the part of correction officials, the determination whether a particular condition or restriction is punishment generally turns on whether it is rationally connected to a legitimate non-punitive purpose and whether it is excessive in relation to that purpose. Bell, 441 U.S. at 538. Even though Mathias's claims are governed by the Due Process Clause of the Fourteenth Amendment, Eighth Amendment holdings regarding punishment of convicted inmates are "co-extensive" with a convicted prisoner's rights under the Eighth Amendment. Turner v. Kight, 121 Fed. App'x 9, 13 (4th Cir. 2005) (holding that a pretrial detainee's due process rights are "co-extensive" with a convicted prisoner's rights under the Eighth Amendment (citing Hill v. Nicodemus, 979 F.2d 987, 990-92 (4th Cir. 1992))); Loe v. Armistead, 582 F.2d 1291, 1294 (4th Cir.

---

[11] The Supreme Court has provided some guidance on this issue by defining pretrial detainees as those "persons who have been charged with a crime but who have not yet been tried on the charge." Bell v. Wolfish, 441 U.S. 520, 523 (1979). Mathias clearly states in his complaint that he is "a pretrial detainee."

[12] In Bell, the correctional facility was a federal one and hence the Due Process Clause of the Fifth Amendment was at issue. Where, as here, the infringement is alleged to have occurred at the hands of a state, the Due Process Clause of the Fourteenth Amendment is the relevant constitutional provision. Westmoreland v. Brown, 883 F. Supp. 67, 73 (E.D. Va. 1995) (citing City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 244 (1983) and Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987)).

8

1978).

Mathias's claim that the NRVRJ conditions are unsanitary because of overcrowding does not rise to the level of a constitutional violation. While the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). It is clear that double or triple celling of inmates is not per se unconstitutional. See, e.g., Rhodes, 452 U.S. at 348 (finding double-celling not per se unconstitutional); Hite v. Leeke, 564 F.2d 670, 673-74 (finding temporary triple-celling not per se unconstitutional); Crowe v. Leeke, 540 F.2d 740 (4th Cir. 1976) (finding that inmate being forced to sleep in an overcrowded cell was not a condition of confinement which shocks the conscience so as to fall within the constitutional prohibition against cruel and unusual punishment). But, overcrowding accompanied by unsanitary and dangerous conditions can constitute an Eighth Amendment violation, provided an identifiable human need is being deprived. See Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991) (citing Wilson v. Seiter, 501 U.S. 194, 304); Johnson v. Levine, 588 F.2d 1378 (4th Cir. 1978).

The appropriate framework for addressing what constitutes punishment under the Eighth Amendment is set out in Farmer v. Brennan, 511 U.S. 825, 837 (1994), where the Supreme Court, in defining the "deliberate indifference" standard, held that:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

9

See also Short v. Smoot, 436 F.3d 422 (4th Cir. 2006). Farmer thus teaches that punishment, whether for a convicted inmate or a pretrial detainee, is the product of intentional action, or intentional inaction, respecting known and substantial risks of harm. Westmoreland v. Brown, 883 F. Supp. 67, 72 (E.D. Va. 1995). Furthermore, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993); Westmoreland, 883 F. Supp. at 76 (finding that to successfully assert a claim of punishment without due process under the Fourteenth Amendment, an inmate must assert not only that the defendants were deliberately indifferent to the substantial risk of harm posed by overcrowding, but also that this deliberate indifference caused a physical or emotional injury). A de minimis injury does not violate the Fourteenth Amendment. See Ingraham v. Wright, 430 U.S. 651, 674 1977) (holding that there is a de minimis level of imposition with which the Constitution is not concerned); Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997).

I find that Mathias has not alleged a sufficiently "substantial" risk of harm to his health or safety to state a claim within the meaning of the Fourteenth Amendment. Further, Mathias fails to show that his living conditions caused him anything more than de minimis injuries or that the allegedly unsanitary conditions pose an unreasonable risk of serious damage to his future health. Although crowded conditions and the sharing of amenities may be uncomfortable, Mathias has not demonstrated that, because of those conditions, he sustained a serious or significant injury; rather, he complains merely that this exposure has caused him transient discomfort. Accordingly, I find that Mathias fails to state a claim of constitutional import and that his claims concerning the living

conditions at NRVRJ must be dismissed.[13, 14, 15]

      **ENTER**: This 18th day of January, 2008.

                                                                                               */s/ Jackson L. Kiser*
                                                                     Senior United States District Judge

---

[13] To the extent plaintiff may have stated a claim under state law, the court declines to exercise supplemental jurisdiction over any state law claim, pursuant to 28 U.S.C. § 1367(c).

[14] Mathias is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

[15] Plaintiff is advised that federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff is hereby advised that this dismissal constitutes his third "strike" under § 1915(g). Mathias v. Simpkins, et al., Civil Action No. 7:07-cv-00031 (W.D. Va. May 31, 2007) (dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A), and Mathias v. Pool, et al., Civil Action No. 7:07-cv-00380 (August 28, 2007) (dismissing 42 U.S.C. § 1983 claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A; also dismissing 28 U.S.C. § 2254 claims without prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases) constitute plaintiff's first two strikes. Plaintiff's ability to bring habeas petitions is not affected by the assessment of these strikes.